THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LLOYD THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH DEP'T OF CORR. et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:25-cv-620-RJS<br><br>District Judge Robert J. Shelby |

  Plaintiff Lloyd Thomas, acting *pro se*, brought this civil-rights action, *see* 42 U.S.C.S. § 1983 (2025).[1] Having now screened the Complaint,[2] under its statutory review function, 28 U.S.C.S. § 1915A (2025),[3] the court orders Plaintiff to file an amended complaint curing deficiencies if he would like to further pursue claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

[2] Dkt. 1.

[3] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2025).

## A. COMPLAINT'S DEFICIENCIES

The Complaint:

**1.** improperly names Utah Department of Corrections and Adult Probation and Parole as § 1983 defendants, when they are not independent legal entities that can sue or be sued. (See below.)

**2.** must be amended with an understanding of how sovereign immunity applies to states, state entities, and state employees. (See below.)

**3.** possibly improperly alleges civil-rights violations on a *respondeat superior* theory. (See below.)

**4.** appears to allege crimes committed by Defendants; however, a federal civil-rights action is not the proper place to address criminal behavior.

**5.** does not adequately link *each element* of a racial-discrimination claim to specific, named defendant(s). (See below.)

**6.** does not appear to recognize that defamation is "not a constitutional violation."[4]

**7.** does not adequately link *each element* of a state-law defamation claim to specific, named defendant(s).[5]

**8.** possibly seeks to remedy alleged violations against someone else other than himself, which would breach standing principles. (See below.)

---

[4] *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Perhaps Plaintiff means this claim to implicate state law and, if so, should specify. *See Siegert*, 500 U.S. at 233 ("Defamation, by itself, is a tort actionable under the laws of most States . . . ."). Plaintiff should keep in mind that, if he brings slander or defamation as a state-law claim, the court could take jurisdiction over the claim only as a matter of "pendent jurisdiction," a doctrine that allows "district courts to hear [state-law] claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based." *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) (quoting 28 U.S.C. § 1367(a)). Thus, if all Plaintiff's "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

[5] *See Mackey v. Krause*, 575 P.3d 1162, 1175 (Utah 2025) ("To prevail on a claim for defamation, the plaintiff must show that the defendant 'published . . . statements concerning him, that the statements were false, defamatory, and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage.'" (citing *West v. Thomson Newspapers*, 872 P.2d 999, 1007–08 (Utah 1994) (cleaned up)).

**9.** generally does not properly affirmatively link an individual named defendant to each element of each alleged civil-rights violation. (See below.)

**10.** has claims possibly based on current confinement; however, the complaint apparently was not submitted using legal help Plaintiff is constitutionally entitled to by his institution.[6]

### B. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[7]  Rule 8's requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[8]

Pro se litigants are not excused from meeting these minimal pleading demands.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[9]  Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant."[10]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[11]

---

[6] *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis in original)).

[7] Fed. R. Civ. P. 8(a).

[8] *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

[11] *Dunn v. White*, 880 F.2d 1188, 1197 (citing *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989)).

Plaintiff should consider these points before filing an amended complaint:

**1.** The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s).[12]  Also, an amended complaint may not be added to after filing without moving for amendment.[13]

**2.** Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

**3.** The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights.[14]  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[15]  Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

**4.** Each cause of action, together with the facts and citations that directly support it, should be stated separately.  Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.[16]  Given

---

[12] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

[13] Fed. R. Civ. P. 15.

[14] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).

[15] *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (cleaned up).

[16] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].'" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)).

such a complaint, "a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin."[17]

**5.** Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position.[18]

**6.** Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."[19]

**7.** "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[20]  However, Plaintiff need not include grievance details in the complaint.  Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants.[21]

**8. Governmental sub-units**.  "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."[22]  Indeed, the Tenth Circuit has acknowledged that sheriff's departments and police departments "are not legally suable entities."[23]

---

[17] *Id*.

[18] *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

[19] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

[20] 42 U.S.C.S. § 1997e(a) (2025).

[21] *Jones v. Bock*, 549 U.S. 199, 216 (2007).

[22] *Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. 2010) (finding a county criminal justice center not suable entity under § 1983).

[23] *Lindsey v. Thomson*, 275 Fed. App'x. 744, 747 (10th Cir. 2007); *see also Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 WL 1406592, at *2 (W.D. Okla. Mar. 7, 2018) (stating correctional facilities are "not suable entities in a § 1983 action").

9. **Eleventh Amendment immunity.** Under the Eleventh Amendment, sovereign immunity blocks actions for money damages against states, state agencies, and state officers in their official capacities.[24] However, an exception provides "that 'a plaintiff may bring suit against *individual state officers* acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.'"[25]

10. *Respondeat superior*. The Supreme Court holds that, in asserting a § 1983 claim against a government agent in an individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[26] Consequently, there is no *respondeat superior* liability under § 1983.[27] Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor.[28] Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts.[29]

11. **Racial-discrimination claim**. Plaintiff should study and incorporate these general principles in reframing the Complaint's racial-discrimination claim:

> To establish a prima facie case of discrimination under § 1981, a plaintiff must sufficiently plead that (1) the plaintiff is a member of

---

[24] *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008); *Couser v. Gay*, 959 F.3d 1018, 1022 (10th Cir. 2020); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (holding Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983).

[25] *Norton v. Parsons*, No. 23-4055, 2024 WL 358239, at *2 (10th Cir. Jan. 31, 2024) (emphasis added) (unpublished) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009).

[27] *See id.* ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

[28] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978).

[29] *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

a protected class; (2) the defendant had the intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity as defined in § 1981. The protected activities defined in § 1981 include the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.[30]

12. **Standing**. These tenets govern standing determinations:

Federal court jurisdiction is limited to cases and controversies by Article III of the United States Constitution. The doctrine of standing gives meaning to these constitutional limits, and a plaintiff must establish standing to satisfy the case and controversy requirement. To do so, a plaintiff must show that he has suffered, or will suffer, an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. Standing must be established separately for each claim and each form of relief sought.[31]

13. **Affirmative Link.**

A plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant personally participated in the alleged constitutional violation at issue. Indeed, because § 1983 is a vehicle for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants.[32]

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."[33]

Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-

---

[30] *Hale-El v. Doe*, No. 25-1044, 2025 WL 1753577, at *3 (10th Cir. June 25, 2025) (unpublished) (citation modified).

[31] *Wilson v. Stancil*, No. 23-cv-02555-PAB-TPO, 2025 WL 2550724, at *12-13 (D. Colo. Aug. 12, 2025) (citation modified).

[32] *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019) (citation modified).

[33] *Id.* at 790 n.5.

participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous."[34]

## C. MOTION FOR APPOINTED COUNSEL

Plaintiff also moves for "appointment of counsel."[35] "As a civil litigant, plaintiff has no Sixth Amendment right to counsel."[36] And the court lacks authority to appoint counsel; still, federal statute authorizes the court to ask counsel to agree to represent an indigent plaintiff free of charge.[37] Though Plaintiff has the burden of convincing the court that Plaintiff's claim has enough merit to warrant such a request of counsel, he has not yet met it.[38] Additionally, "[i]t is

---

[34] *Id*.

[35] Dkt. 3, *Motion to Appoint Counsel*.

[36] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).

[37] *See* 28 U.S.C.S. § 1915(e)(1) (2025) ("The Court may request an attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *5 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining, when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). Additionally, the Tenth Circuit has noted:
> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 F. App'x 562, 567 (10th Cir. 2011) (unpublished) (observing courts rarely request counsel to represent parties in civil actions); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

[38] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

not enough" for Plaintiff to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case."[39]

Instead, in deciding whether to ask volunteer counsel to represent Plaintiff at no cost, the court considers a variety of factors, like "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[40] Considering the above factors, the court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Thus, the court denies for now Plaintiff's motion for appointment of counsel.

### D. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.** Plaintiff must within sixty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document.

**2.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**3.** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

---

[39] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

[40] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838-39.

9

    **4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint. The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

    **5.** Plaintiff must tell the court of any address change and timely comply with court orders.[41] Failure to do so may result in this action's dismissal for failure to prosecute.[42]

    **6.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

    **7.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

    **8.** Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action."[43]

---

[41] *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes.").

[42] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

[43] DUCivR 83-1.6(a).

**9.** Plaintiff's motion for appointment of counsel is **DENIED**.[44] However, if—after the case develops further—it appears that counsel may be needed or of specific help, the court may ask an attorney to appear *pro bono* on Plaintiff's behalf. The court will continually reevaluate the need for counsel; thus, no further motions for appointed counsel are needed.

DATED this 27th day of January 2026.

BY THE COURT:

_____
JUDGE ROBERT J. SHELBY
United States District Court

---

[44] Dkt. 3.